**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **Dennis Hines,** | **Case No. 3:12 CV 1722** |
| Petitioner, | **MEMORANDUM OPINION & ORDER OF TRANSFER** |
| -vs- | |
| **John Coleman, Warden,** | |
| Respondent. | |

**KATZ, J.**

This matter is before the Court upon *pro se* Petitioner Dennis Hines's (hereinafter "Petitioner" or "Hines") Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2254. In the Petition, Hines alleges the trial court erred when it based its sentence on jury-verdict forms that did not comply with Ohio Rev. Code 2945.75(A)(2). For the reasons set forth below, the Court finds the instant Petition is a "second or successive" petition pursuant to 28 U.S.C. § 2244(b) and that it must be transferred to the United States Court of Appeals for the Sixth Circuit.

Petitioner also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). That Motion is granted.

**I. Background**

Petitioner is a prisoner in state custody at the Allen Correctional Institution in Lima, Ohio. On April 29, 2004, he was convicted after a jury trial in the Allen County Court of Common Pleas on two counts of trafficking crack cocaine, one count of trafficking powder cocaine, one count of possession of powder cocaine, and one count of having weapons while under disability. On June 1, 2004, the trial court ordered Hines to serve a total aggregate sentence of fifteen years and five

months in prison.[1] Hines timely appealed, arguing that (1) "[i]t was an error of law for the trial court to enter a conviction and impose an enhanced sentence for the drug trafficking offense in Count One, Two and Three of the Indictment;" and (2) the trial court erred as a matter of law in imposing maximum consecutive sentences. *See State v. Hines*, 2005 WL 3527004 (Ohio App. 3rd Dist. Dec. 27, 2005). The state appellate court affirmed on December 27, 2005. *Id.* Hines appealed to the Ohio Supreme Court, arguing that "[c]ontrary to *United States v. Booker, Blakely v. Washington*, and *Apprendi v. New Jersey*, the trial court exceeded its statutory authority by imposing an enhanced sentence based upon additional facts which were not contained in the verdict form nor found by the jury." The Ohio Supreme Court reversed and remanded for re-sentencing in light of *State v. Foster*, 109 Ohio St.3d 1 (2006), which overturned several Ohio sentencing provisions as unconstitutional pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004). *See State v. Hines*, Case No. 06-0313 (Ohio Sup. Ct. June 7, 2006).[2]

While his direct appeal was pending, Hines filed an Application to Reopen his Appeal pursuant to Ohio App. R. 26(B), claiming his appellate counsel had failed to raise various constitutional issues related to his trial that would have been successful on the merits. The appellate court denied Hines's Application, and the Ohio Supreme Court dismissed the appeal as not

---

[1] Specifically, the trial court ordered Petitioner to a sentence of five years for trafficking in crack cocaine (count one); eight years for trafficking in crack cocaine (count two); eighteen months on trafficking in powder cocaine (count three); eleven months for having a weapon while under disability (count five). The trial court ordered that counts one, two, and three be served consecutively and consecutive to counts four and five, which are to be served concurrently.

[2] In *Blakely v. Washington*, 542 U.S. 296, 303 (2004), the Supreme Court held that the maximum sentence to which a court may sentence a defendant is the maximum sentence the court may impose solely on the basis of a prior conviction, facts reflected in the jury verdict, or facts admitted by a defendant.

involving any substantial constitutional question. *See State v. Hines*, Case No. 1-04-47 (Ohio App. 3rd Dist. March 22, 2006); *State v. Hines*, Case No. 06-0783 (Ohio Sup. Ct. July 5, 2006).

Meanwhile, on September 25, 2006, the trial court held a re-sentencing hearing pursuant to the Ohio Supreme Court's order of remand. On September 26, 2006, the trial court issued a judgment entry imposing an identical sentence of fifteen years and five months incarceration. Hines timely appealed, arguing the trial court's application of *Foster* violated his constitutional rights of due process and equal protection. On June 25, 2007, the appellate court rejected these arguments and affirmed the re-sentencing. *See State v. Hines*, 2007 WL 1805041 (Ohio App. 3rd Dist. June 25, 2007). On July 26, 2007, Hines placed a notice of appeal to the Ohio Supreme Court in the prison's mailbox. The Ohio Supreme Court Clerk of Courts, however, received the notice of appeal on August 10, 2007, one day after the 45-day filing deadline had elapsed. The notice of appeal was not docketed and, on October 15, 2007, Hines filed a motion for delayed appeal. This motion was denied on December 12, 2007. *See State v. Hines*, Case N o. 07-1898 (Ohio Sup. Ct. Dec. 12, 2007).

On December 15, 2008, Hines filed his first Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254. *See Hines v. Brunsman*, Case No. 3:08CV2916 (N.D. Ohio) (Oliver, J.). In that Petition, Hines raised the following six grounds for relief:

**GROUND ONE**: 6th and 14th Amendment violation of right to have jury find verdict beyond reasonable doubt under Due Process and Equal Protection Clauses.

**Supporting Facts**: Where jury did not make a specific finding of the amount of controlled substance, and where factors to enhance conviction and sentence beyond statutory maximum were not provided in indictment as fair notice of the charges and thereby submitted to the jury and proven beyond a reasonable doubt, the imposition of convictions and elevated sentences resulting from illegal findings by trial court was in violation of the Sixth and

Fourteen Amendments of the Constitution.

**GROUND TWO**: Violation of due process under 4th, 5th, 6th, and 14th Amendments, as a result of fatal search warrant absent probable cause.

**Supporting facts**: The search warrant issue was based upon constitutionally inadequate affidavit product of innuendo and compound hearsay as opposed to personal knowledge of police affiant. The evidence adduced at suppression hearing showed knock and announce requirement was violated and that the police failed to obtain a warrant as an exception to the rule. The trial court committed an abuse of discretion in denying motion to suppress based upon pretextual excuse of arresting officers.

**GROUND THREE**: 5th and 14th Amendments violation of right to jury of peers under the Due Process and Equal Protection Clauses and Batson.

**Supporting Facts**: After the trial court dismissed one of two black jurors, the prosecutor then used a peremptory challenge to remove the only other prospective black juror, without having given a race neutral explanation.

**GROUND FOUR**: 6th and 14th Amendments violation of affective [sic] assistance of trial and appellate counsel.

**Supporting Facts**: Trial counsel failed to raise objection to systematic exclusion of black jurors, to move to exclude evidence of prior conviction admitted to jury, to object to improper jury instructions, and to object to verdict in violation of fair notice rule. Appellate counsel failed to raise substantial federal and state constitutional issues on direct appeal as of right, including Batson claim, prosecutor misconduct, 4th Amend. Violation, and 6th Amend. Confrontation Clause violation, etc.

**GROUND FIVE**: 6th and 14th Amendments violation of right to due process and equal protection that denied fair trial as a result of prosecutor misconduct.

**Supporting Facts**: The state prosecutor, during opening arguments, misstated the evidence by informing the jury that the police 'were watching the entire drug deal every time' (Tr. 34), when the prosecutor actually had full and prior knowledge that the informant and the actual drug dealer had obtained the drugs completely outside of any surveillance or observation of any police officer. Further, in closing arguments, the prosecutor denigrated defense counsel, improperly vouched for the credibility of state witnesses, ridiculed petitioner, and argued facts not in evidence.

>**GROUND SIX**: 6th and 14th Amendments violation of right to confront witness under Confrontation Clause.
>
>**Supporting Facts**: The prosecutor repeatedly elicited testimony recounting out-of-court statements attributed to a police informant whose own testimony was not presented. The police informant was the only individual against whom any actual evidence was adduced to demonstrate involvement in the drug transaction that formed the basis of the criminal charges in this case, and which purported to allege petitioner's involvement.

*See Hines v. Brunsman*, Case No. 3:08CV2916 (N.D. Ohio) (Doc. 1). Respondent filed a Return of Writ and Motion to Dismiss, and Hines thereafter filed a Traverse. *Hines v. Brunsman*, Case No. 3:08CV2916 (N.D. Ohio) (Doc. 12, 20). On October 27, 2009, the Magistrate Judge issued a Report & Recommendation, recommending Hines' Petition be dismissed as time-barred, procedurally defaulted, and otherwise failing on the merits. *Hines v. Brunsman*, Case No. 3:08CV2916 (N.D. Ohio) (Doc. 22). Hines thereafter filed Objections. *Hines v. Brunsman*, Case No. 3:08CV2916 (N.D. Ohio) (Doc. 24). In an Opinion & Order dated February 26, 2010, this Court considered and rejected Hines' Objections and adopted the Magistrate Judge's recommendation that his Petition be dismissed. *Hines v. Brunsman*, 2010 WL 750176 (N.D. Ohio Feb. 26, 2010). [3]

Over six months later, Hines filed a series of motions in the state trial court. In November 2010, he filed a motion to vacate a void sentence or re-sentence on the grounds that he was not properly informed of post-release control at sentencing. The following month he filed a motion for sentence to a lesser degree of the offense, arguing the jury-verdict forms in his case were deficient

---

[3] Hines's appeal to the Sixth Circuit was dismissed on the grounds that it was untimely filed pursuant to Fed. R. App. 4(a). *See Hines v. Brunsman*, Case No. 10-3431 (6th Cir. June 23, 2010).

pursuant to *State v. Pelfrey*, 112 Ohio St.3d 422 (2007)[4] because they did not include the degree of the offense or the aggravating element of the offenses for which he was found guilty. *See State v. Hines*, 193 Ohio App.3d 660, 662-63 (Ohio App. 3rd Dist. June 27, 2011). The trial court conducted a hearing in December 2010, during which it noted that it had properly notified Hines on the record at the September 2006 re-sentencing hearing that he was subject to a mandatory three years of post-release control but the September 2006 judgment entry of re-sentencing mistakenly contained the words "up to" instead of specifying that Hines' three years of post-release control supervision were mandatory. *Id*. at 663. The trial court also addressed Hines' motion for sentence to a lesser degree of offense, finding the state appellate court had had an opportunity to consider the issue of the jury-verdict forms in Hines' first direct appeal and, further, that Hines had failed to raise the issue of the jury-verdict forms on his second appeal after *Pelfrey* had been decided. *Id.* Based on the above, the trial court determined Hines' motion for sentence to a lesser degree of the offense was barred by *res judicata*. *Id*.

Pursuant to Ohio Rev. Code 2929.191, the trial court found a *de novo* hearing on Hines' sentence was not required and the only issue properly before it was whether the September 2006 judgment entry of re-sentencing should be corrected to reflect the proper term of post-release control. Accordingly, on December 21, 2010, the trial court re-sentenced Hines and issued a *nunc pro tunc* entry to correct the September 2006 judgment entry of re-sentencing with respect to the post-release control issue. *Id*.

---

[4] In *Pelfrey,* the Ohio Supreme Court held that "[p]ursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *Pelfrey*, 112 Ohio St.3d at Syllabus.

-6-

Hines appealed, arguing that "[t]he trial court erred in ruling [his] motion pursuant to *State v. Pelfrey* was barred by *res judicata* and not re-sentencing [him] on the least degree of the offense to which he was convicted." *Id.* On June 27, 2011, the state appellate court rejected this argument as follows:

> In his sole assignment of error, Hines argues that the trial court erred when it determined that his motion for sentence to a lesser degree was barred by *res judicata*. In support of his argument, Hines asserts that the September 26, 2006 judgment entry of resentencing is "void, not only for the postrelease control issue, but also because the verdict forms did not comply with the terms of [R.C. 2945.75]." Hines further contends that void sentences are not precluded by *res judicata* and can be reviewed at any time.
>
> Initially, we note that in our review of *Pelfrey*, we find no indication that a failure to strictly comply with R.C. 2945.75 renders a judgment void. Moreover, Hines cites no case law that so holds, nor have we found any such authority. Moreover, the Supreme Court of Ohio made it clear that its decision in *Pelfrey* did not make "new" law, but simply applied R.C. 2945.75 as the Ohio General Assembly had expressly written it. **Accordingly, any failure of the jury verdicts to comply with the statute, or any reduction of sentence pursuant to *Pelfrey*, should have been raised on Hines' direct appeal from his September 26, 2006 resentencing**. Hines had over four months between the release of *Pelfrey* and the issuance of this court's decision on his second appeal to raise this issue. However, Hines chose not to do so. Consequently, the issue now barred by *res judicata*. [citations omitted]

*Id*. at 664 (emphasis added). The court further found that "the only matter properly before [the trial court] was the correction of Hines' judgment entry of resentencing pursuant to R.C. 2929.191 and that all other matters relating to his conviction and sentence were barred by *res judicata*." *Id*. Hines appealed to the Ohio Supreme Court, which declined to accept his appeal for review. *See State v. Hines*, 130 Ohio St.3d 1437 (Nov. 16, 2011).[5]

---

[5] It appears from the Allen County Court of Common Pleas docket that, on July 21, 2011, Hines filed another Application to Reopen His Appeal in the state appellate court. *See State v. Hines*, Case No. CA 2006 0086 (Allen County). The docket indicates Hines's Application was denied on September 27, 2011. *Id*. There is no indication Hines appealed this decision to the

On July 3, 2012, Hines filed the instant Petition for Writ of Habeas Corpus in this Court, raising the following ground for relief:

**GROUND ONE**: Violation of Eight, Six, and 14th Amendments

**Supporting Facts**: This is a case of actual innocence base [sic] on a unlawfull [sic] sentence as the verdict form did not comply with statutory requirements under 2945.75(A)(2).

(Doc. 1). On the same date, Hines filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2).

## II. Standard of Review

28 U.S.C. § 2244 "establish[es] a gatekeeping mechanism for the consideration of second or successive habeas corpus applications" brought in federal court by state prisoners. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). That provision was modified by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to provide, in pertinent part, as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

Ohio Supreme Court. *Id*. However, on January 26, 2012, Hines filed in the state trial court another "Motion to Vacate Void Sentence & Resentence" and a "Motion to Modify Sentence and Resentence." *See State v. Hines*, Case No. CR 2004 0016 (Allen Cty Ct. Cmn. Pl.). The trial court denied Hines's motions the next day. *Id*. Hines appealed and, on July 16, 2012, the state appellate court affirmed. The state court docket does not reflect that Hines appealed this decision to the Ohio Supreme Court. These docket sheets can be accessed at http://courtvweb.allencountyohio.com.

>(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

Where a numerically second habeas petition is filed in federal district court, that court must decide "in the first instance" whether the petition is "successive" under § 2244(b). *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). If the district court determines a petition is, in fact, "successive," it must then transfer the matter to the Sixth Circuit for want of jurisdiction under 28 U.S.C. § 1631. *Id. See also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**III.  Discussion**

As set forth above, the instant Petition is not the first habeas petition filed by Hines in this Court pursuant to § 2254. Not every numerically second habeas petition, however, is considered a "second or successive" petition under § 2244(b). *See e.g. In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010); *Lang v. United States*, 474 F.3d 348, 351 (6th Cir. 2007); *Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000); *Stewart*, 523 U.S. at 644-45. Indeed, the Supreme Court has confirmed that a numerically second petition is not properly termed a "second or successive" petition to the extent it asserts claims whose predicates arose after the filing of the original petition. *See e.g. Slack*, 529 U.S. at 487-88 (2000) (holding that second habeas petition raising claims dismissed in previous "mixed" petition was not second or successive); *Stewart*, 523 U.S. at 644-45 (1998) (holding that

habeas petition raising claim previously dismissed as premature was not second or successive).

For example, in *Magwood v. Patterson*, 130 S.Ct. 2788, 2802 (2010), the Supreme Court determined that, where there is a new judgment intervening between two habeas petitions, "an application challenging the resulting new judgment is not 'second or successive' at all." Federal courts have applied this principle to find that a subsequent habeas petition is not a "second or successive" petition where it raises a claim that originates at re-sentencing and which could not have been addressed in the earlier petition. *See e.g. Lang*, 474 F.3d at 351-53; *DeDonno v. Hall*, 2011 WL 6012533 at * 7 (N.D. Ohio Oct. 31, 2011).

In the instant case, Hines was arguably re-sentenced by the state trial court after his first federal habeas petition was denied in February 2010. Specifically, in response to Hines' motions, the trial court issued a *nunc pro tunc* entry on December 21, 2010 to correct its September 2006 judgment entry of re-sentencing with respect to the issue of post-release control. *See State v. Hines*, 193 Ohio App. 3d 660, 663 (Ohio App. 3rd Dist. June 27, 2011). The trial court expressly found, however, that the only issue before it in this December 2010 re-sentencing was the issue of post-release control, and not the issue of whether Hines was entitled to a lesser sentence because of alleged deficiencies in the jury-verdict forms under *State v. Pelfrey*, 112 Ohio St.3d 422 (2007). *Id.* That court explained that Hines was barred under the doctrine of *res judicata* from raising the issue of the allegedly deficient jury-verdict forms because he had had several opportunities to raise this issue in his previous direct appeals and had failed to do so. *Id*.

On appeal, the state appellate court agreed, finding that "any failure of the jury verdicts to comply with [Ohio Rev. Code 2945.75], or any reduction of sentence pursuant to *Pelfrey*, should have been raised on Hines' direct appeal from his September 26, 2006 resentencing." *Id*. at 664.

Thus, that court explained that "the only matter properly before [the trial court] was the correction of Hines' judgment entry of resentencing pursuant to R.C. 2929.191 and that all other matters relating to his conviction and sentence were barred by *res judicata*." *Id*.

In the instant Petition, Hines's sole ground for relief expressly relates to alleged deficiencies in the jury-verdict forms under Ohio Rev. Code 2945.75(A)(2). (Doc. 1 at 5). As the state courts noted, above, this issue clearly could have (and should have) been raised prior to his December 2010 re-sentencing. As such, Hines's First Ground for Relief is not a claim "whose predicates arose after the filing of the original petition" or which otherwise could not have been addressed in his first federal habeas petition. *See In re Jones*, 652 F.3d at 605; *Lang*, 474 F.3d at 351-53. Moreover, even if the December 2010 re-sentencing constituted an "intervening judgment" under *Magwood*, Hines's First Ground for Relief in the instant Petition did not "originate at" that December 2010 re-sentencing. *See Magwood*, 130 S.Ct. at 2802; *Lang*, 474 F.3d at 351-53.

Accordingly, the Court finds the instant Petition is a "second or successive" petition under § 2244(b) and that it must be transferred, pursuant to *In re Sims*, 111 F.3d 45 (6th Cir. 1997), to the Sixth Circuit for an order authorizing this Court to consider Hines' Petition.

IT IS SO ORDERED.

    S/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE